<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
:
DR. KEENAN K. COFIELD,            :
                                  :   Civil Action No. 14-2637 (RMB)
         Petitioner,              :
                                  :
    v.                            :   **<u>MEMORANDUM OPINION</u>**
                                  :
UNITED STATES OF AMERICA et al.,  :
                                  :
         Respondents.             :
_____:

**BUMB, District Judge:**

   This matter comes before the Court upon Petitioner's 48-page submission styled as a § 2241 petition.  <u>See</u> Docket Entry No. 1.

   Petitioner is a recreational litigant.  <u>Accord</u> <u>Tucker v. Ann Klein Forensic Ctr. Hosp.</u>, 2014 U.S. Dist. LEXIS 55314, at *1 (D.N.J. Apr. 22, 2014) (quoting <u>Marrakush Soc. v. New Jersey State Police</u>, 2009 U.S. Dist. LEXIS 68057 (D.N.J. July 30, 2009), for the definition of "recreational litigant" as "the one who engages in litigation as sport and files numerous submissions with little regard for substantive law or court rules" and relying on <u>Jones v. Warden of the Stateville Correctional Ctr.</u>, 918 F. Supp. 1142, 1153 (N.D. Ill. 1995), for the observation that, "when confronted with a recreational litigant, courts, to protect themselves and other litigants, have enjoined the filing of further case without leave of court") (brackets omitted).

From this Court's own research, Petitioner – prior to initiating the case at bar – has already commenced *one hundred and fifteen* civil matters in various federal district courts, including the United States District Courts for the Western and Eastern Districts of Virginia, Southern and Northern Districts of Alabama, District of Maryland, District of Columbia, Eastern District of Kentucky, Eastern District of Tennessee, Northern District of Florida, District of Kansas, District of Colorado, Northern District of Georgia, Eastern District of North Carolina, Southern District of New York, Northern District of Ohio, and Middle District of Pennsylvania.  In addition, it appears that Petitioner has filed over twenty appellate actions with the United States Courts of Appeals for the Fourth, Sixth, Eleventh and Federal Circuits and several actions with the United States Supreme Court.  Petitioner has now selected this District as his next target.  Toward that end, he has made the submission at bar naming the United States, United States Attorney General, U.S. Marshal Service, Bureau of Prisons, State of Maryland, its Secretary, Maryland Department of Corrections, Maryland state court, the clerk, a Maryland warden and a New Jersey warden as Respondents in this matter.  See Docket Entry No. 1, at 1-2.

Petitioner's submission stated his "redemptionist/sovereign citizen's" beliefs, see id. at 16-20, challenged his state and federal arrests, adjudications of his state/federal actions and

2

requested prison-term credits with regard to his unspecified state and/or federal sentences. See id. at 10-24.

This Court's review of Petitioner's online records revealed that, after having served a number of state sentences, Petitioner was first released from state custody into federal custody and then left that federal custody on July 11, 2012, being released to Maryland custody for the purposes of serving his next set of state terms. See http://www.bop.gov/inmateloc/; see also Docket Entry No. 1 (Petitioner is confined at the "ECI-Annex MD DOC").

To the extent Petitioner is raising civil rights challenges relating to his arrest, his claims are, at the very least: (a) deficient for being not amenable to litigation in this habeas matter; and (b) brought in a court of improper venue.[1] See Preiser v. Rodriquez, 411 U.S. 475, 500 (1973); Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002); see also 28 U.S.C. § 1915(g). To the extent Petitioner is aiming to challenge his *state sentences* or seeks credit against his *state sentences*, his claims are deficient as being § 2254 challenges and, at the very least, brought before a court of improper venue.[2] See 28 U.S.C. § 2241(a), (c)(3) (§ 2241 confers jurisdiction to issue habeas

---

[1] In addition, these claims appear untimely. See 28 U.S.C. § 1391(b); Wallace v. Kato, 549 U.S. 384, 387-88 (2007); Dique v. New Jersey State Police, 603 F.3d 181, 185 (3d Cir. 2010).

[2] In addition, these claims appears both untimely and unexhausted. See 28 U.S.C. § 2254(b)(1); Rose v. Lundy, 455 U.S. 509, 515 (1982).

writs to a person who is "in [federal] custody in violation of the Constitution or laws or treaties of the United States"); compare 28 U.S.C. § 2254(a) (§ 2254 confers jurisdiction to issue "writs of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States").

To the extent Petitioner seeks credits against his *expired federal* terms, he fails to meet the "in custody" requirement even if this Court were to assume that, during his federal term, Petitioner was confined, at some point, in a New Jersey-located federal facility. See Maleng v. Cook, 490 U.S. 488, 490 (1989); DeFoy v. McCullough, 393 F.3d 439, 441 (3d Cir. 2005), cert. denied, 545 U.S. 1149 (2005); Obado v. New Jersey, 328 F.3d 716, 717 (3d Cir. 2003) ("[F]or a federal court to have jurisdiction, a petitioner must be in custody under the conviction he is attacking at the time the habeas petition is filed"). To the extent Petitioner is seeking credits against his *future federal* terms, his claims are: (a) speculative (since he has no basis to claim that he would be confined in New Jersey); and (b) premature, as has already been explained to him. See, e.g., Cofield v. Fed. Bureau of Prisons, 2006 U.S. Dist. LEXIS 94781, at *1 (D. Md. June 14, 2006) ("Petitioner's federal sentence imposed by Judge Garbis is to be served consecutive to his

current state sentences.  His continuing attempt to have the U.S. Bureau of Prisons award him credits against his federal sentence is premature in that he remains housed in state custody and has not yet commenced serving his federal conspiracy sentence) (citation omitted).

In light of the abundance of legal guidance provided to Petitioner by the district judges who presided over his 115 civil matters and by the appellate panels that ruled on his actions, Petitioner cannot keep litigating his frivolous claims.  Where a habeas litigant is attempting to re-litigate the very same issue time and again, or where the litigant raises claims already known to him as facially meritless, it is well within the broad scope of the All Writs Act, 28 U.S.C. § 1651(a), for a district court to issue an order restricting the filing of such frivolous cases by that litigant.  See e.g., In Re Oliver, 682 F.2d 443, 445 (3d Cir. 1982) (citing Lacks v. Fahmi, 623 F.2d 254 (2d Cir. 1980) (per curiam); Harrelson v. United States, 613 F.2d 114, 115 (5th Cir. 1980) (per curiam); Clinton v. United States, 297 F.2d 899, 901 (9th Cir. 1961), cert. denied, 369 U.S. 856, 82 S. Ct. 944, 8 L. Ed. 2d 14 (1962)).  Likewise, Petitioner's claims asserting his redemptionist/sovereign citizen beliefs abuse the legal process and will not be tolerated.  See, e.g., Ali v. New Jersey, 2012 U.S. Dist. LEXIS 150195, at *5-15 (D.N.J. Oct. 15, 2012) (collecting cases and detailing the nature and legal deficiency

of redemptionist, sovereign citizen, "Moorish," "Marrakush," etc. beliefs and jurisdiction challenges based on such beliefs). Here, Petitioner's attempt to raise already litigated and redemptionist claims abuses the equitable nature of the habeas writ.  See Sanders v. United States, 373 U.S. 1, 17-19, 83 S. Ct. 1068 (1963); Furnari v. United States Parole Comm'n, 531 F.3d 241, 250 (3d Cir. 2008).  This Court, therefore, strongly urges Petitioner to take his litigations in this District (and in all other federal courts, with utmost seriousness, since sanctions will be applied to Petitioner if he continues abusing the legal process.  "The courts in this nation stand ready to address challenges brought by litigants in good faith.  Which, in turn, means that the judiciary — including the Judges in this District — expect litigants to treat their litigation with utmost seriousness, without abusing legal process and without unduly testing of the resolve or common sense of the judiciary."  In re Telfair, 745 F. Supp. 2d 536, 580 (D.N.J. 2010).

    For the foregoing reasons, Petitioner's submission, Docket Entry No. 1, will be dismissed.

    An appropriate Order follows.

                                  s/Renée Marie Bumb
                                  **RENÉE MARIE BUMB**
                                  **United States District Judge**

Dated: April 30, 2014